MGD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Mitchell, | No.  CV 14-1754-PHX-DGC (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Corizon Health, Inc., et al., | |
| Defendants. | |

On July 9, 2014, Plaintiff Kevin Mitchell, who is represented by counsel, filed a Complaint in Maricopa County Superior Court.  (Doc. 1, Attach. 1, Ex. B.)  On August 5, 2014, Defendants Corizon Health, Inc. ("Corizon") and State of Arizona removed the action to this Court.  In their Notice of Removal, Defendants state that Corizon was served with a copy of the Complaint on July 10, 2014, and the State of Arizona was served on July 11, 2014.  On August 13, 2014, Defendants Corizon and State of Arizona filed an answer to the Complaint.  The Court will dismiss the Complaint with leave to amend.

**I.     Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction.  28 U.S.C. § 1441(a).  In his Complaint, Plaintiff alleges, among other things, violations of his Eighth and Fourteenth Amendment rights and 42 U.S.C. § 1983.  This Court's jurisdiction extends to such claims, *see* 28 U.S.C. § 1331 (a federal court has original

jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and the case was timely removed. Accordingly, the case was properly removed.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

Plaintiff names the following Defendants: Corizon; the State of Arizona; "John Does and Jane Does 1-10"; "ABC Corporations 1-10"; and "XYZ Partnerships 1-10." Plaintiff seeks damages, interest, attorneys' fees, and costs.

Plaintiff alleges the following facts:  prior to and on January 5, 2014, Plaintiff was incarcerated at Arizona State Prison Complex-Lewis.  Plaintiff suffers from Type 1 diabetes and is dependent on insulin injections.  On January 5, 2014, "an employee of Corizon negligently, carelessly, recklessly and in total disregard for the safety of Plaintiff, administered an injection of insulin to Plaintiff with a contaminated needle." Around January 7, 2014, personnel from the Arizona Department of Corrections and/or Corizon told Plaintiff that he was exposed to "Hepatitis B, Hepatitis C and the Human Immunodeficiency Virus (HIV)."  Over the next ten days, Plaintiff received preventative treatments from Defendants, including Hepatitis B immune globulin, Recombivax, Isentress and Truvada.   "Defendants negligently, carelessly and recklessly treated, monitored, supervised and cared for Plaintiff as to cause the contaminated injection and physical and emotional injuries to Plaintiff."  Plaintiff "has suffered bodily injuries through additional needless and potentially dangerous injections and, after being told he was exposed to potentially deadly viruses, he continues to suffer residual pain, discomfort, extreme emotional distress, and anxiety."  Plaintiff has also had to undergo medical testing and treatment and believes "he will be compelled to incur indebtedness for necessary medical testing and treatment in the future."

Plaintiff further alleges that "defendants violated the Eighth Amendment to the United States Constitution by each being deliberately indifferent to the serious medical needs of Plaintiff" and that "Defendants' conduct in this regard was objectively unreasonable and was undertaken with willful, reckless and malicious indifference to the constitutional rights and liberty interests of Plaintiff and with no regard to the likelihood that harm would and did result and that Plaintiff would and did suffer extreme unnecessary pain and anxiety that bore no legitimate pen[o]logical purpose."

Plaintiff alleges that Defendant Corizon "is vicariously liable under the principle of respondeat superior for the actions and inactions of its employees, including those John and Jane Doe employees named as defendants in this action, as to any claims that are asserted by Plaintiff as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, they were acting within the course and scope of their employment with Corizon."  Plaintiff further alleges that "[f]or purposes of Plaintiff's claims that arise under Federal law, including without limitation the United States Constitution and 42 U.S.C. Section 1983 et seq., and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under the color of state law."  In addition, Plaintiff alleges that "[s]ome Defendants may be liable because of acts done by other Defendants in furtherance of their marital communities and some of the Defendants may be liable under the theory of respondeat superior, agency, vicarious liability, joint venture, negligent hiring, entrustment and/or supervision."

In a separately designated Count Two,[1] Plaintiff alleges that the true names of the fictitious Defendants "are unknown to Plaintiff" and that "each of the Defendants designated fictitiously herein is responsible for the events and happenings herein alleged."

IV.     **Failure to State a Claim**

   A.     **§ 1983 Claims**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.

---

[1] Plaintiff does not designate a "Count One" and it is not clear in the seven paragraphs preceding Count Two whether Plaintiff is asserting any state law claims in addition to the Eighth Amendment claim asserted in paragraph VI.  Moreover, "Count Two" is an explanation of why Plaintiff is using fictitious names, but does not appear to be a separate claim against any named or fictitious Defendant identified in the caption of Plaintiff's Complaint.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### 1.    State of Arizona

Plaintiff sues the State of Arizona. Ordinarily, under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp.*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). However, a state may waive its Eleventh Amendment immunity by removing an action to federal court, as the State of Arizona did in this case. *See, e.g.,. Pittman v. Oregon, Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007); *Embury v. King*, 361 F.3d 562, 564-65 (9th Cir. 2004); *Peterson v. State of California Dep't of Corr. & Rehab.*, 451 F. Supp. 2d 1092, 1099 (E.D. Cal. 2006); *Morgan v. Arizona*, No. 06-346-TUC-FRZ, 2007 WL 2808477, *8 (D. Ariz. Sept. 27, 2007). Nevertheless, the State of Arizona is not a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency). Accordingly, to the extent that Plaintiff asserts claims under § 1983 against the State of Arizona, his claims will be dismissed.

The Court may, however, exercise supplemental jurisdiction over closely related state law claims against the State. 28 U.S.C. § 1367(c)(3); *see Lapides v. Bd. of Regents of Univ. Syst. of Georgia*, 535 U.S. 613, 619-20 (2002); *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1003-1004, 1006 (9th Cir. 2001); *Kruse v. Hawai'i*, 68 F.3d 331, 334 (9th Cir. 1995); *Meeks v. Nevada*, No. 3-10-CV-0558-RAM, 2011 WL 221774, *3 (D. Nev. Jan. 20, 2011). As discussed below, the Court declines, at this juncture, to exercise supplemental jurisdiction over any state law claims against the State of Arizona. But Plaintiff may reassert any state law claims against the State of Arizona in an amended complaint.

1

2.      **Corizon**

2          Plaintiff seeks relief against Corizon, a private corporation, for federal

3   constitutional violations under § 1983.  There are four criteria to find state action by a

4   private actor for purposes of § 1983: (1) the private actor performs a public function,

5   (2) the private actor engages in joint activity with a state actor, (3) a private actor is

6   subject to governmental compulsion or coercion, or (4) there is a governmental nexus

7   with the private actor.  *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).  Under the

8   public function test, "the function [performed by the private actor] must traditionally be

9   the exclusive prerogative of the state."  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d

10  1480, 1486 (9th Cir. 1995); *see Kirtley*, 326 F.3d at 1093; *Lee v. Katz*, 276 F.3d 550, 554-

11  555 (9th Cir. 2002).

12         To state a claim under § 1983 against a private entity performing a traditional

13  public function, however, a plaintiff must allege facts to support that his constitutional

14  rights were violated as a result of a policy, decision, or custom promulgated or endorsed

15  by the private entity.  *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *Street v.

16  Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Wall v. Dion*, 257

17  F.Supp.2d 316, 319 (D. Me. 2003); *see also Austin v. Paramount Parks, Inc.*, 195 F.3d

18  715, 727 (4th Cir. 1999); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d

19  Cir. 1990); *Lux by Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989); *Iskander v.

20  Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982).

21         Corizon performs a public function, i.e., providing medical care in a prison.

22  Plaintiff fails, however, to allege facts to support when, where, or how Corizon

23  promulgated or endorsed policies or customs that resulted in a violation of Plaintiff's

24  federal constitutional rights.  Moreover, Plaintiff seeks to hold Corizon liable under a

25  theory of respondeat superior, which is not a basis for liability under § 1983.

26  Accordingly, Plaintiff fails to state a claim against Defendant Corizon and Corizon will

27  be dismissed.

28  . . . .

JDDL-K

- 6 -

### 3.      Doe Defendants, ABC Corporations 1-10, and XYZ Partnerships 1-10

In his case caption, Plaintiff names as Defendants "John Does and Jane Does 1-10," "ABC Corporations 1-10," and "XYZ Partnerships 1-10."  Plaintiff fails to allege any facts against any of those fictitiously named Defendants.  Plaintiff does make the conclusory assertion in "Count Two" that "each of the Defendants designated fictitiously herein is responsible for the events and happenings herein alleged."  Plaintiff makes no assertions about exactly what each fictitious Defendant identified as a John or Jane Doe, a corporation, or a partnership did or failed to do and how the action or inaction of that Defendant is connected to the alleged violation.  Accordingly, Defendants John Does and Jane Does 1-10; ABC Corporations 1-10, and XYZ Partnerships 1-10 will be dismissed.

Plaintiff should be aware that Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on, and allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights, including when, where, and how.  A plaintiff may thereafter use the discovery process to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

### 4.      Eighth Amendment

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious

1    medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v.*

2    *Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need"

3    by demonstrating that failure to treat the condition could result in further significant

4    injury or the unnecessary and wanton infliction of pain and (2) the defendant's response

5    was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

6         "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

7    1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

8    both know of and disregard an excessive risk to inmate health; "the official must both be

9    aware of facts from which the inference could be drawn that a substantial risk of serious

10   harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,

11   837 (1994).  Deliberate indifference in the medical context may be shown by a

12   purposeful act or failure to respond to a prisoner's pain or possible medical need and

13   harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

14   also be shown when a prison official intentionally denies, delays, or interferes with

15   medical treatment or by the way prison doctors respond to the prisoner's medical needs.

16   *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

17        Deliberate indifference is a higher standard than negligence or lack of ordinary

18   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

19   gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*

20   *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

21   622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

22   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

23   does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

24   *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

25   without more, is insufficient to state a claim against prison officials for deliberate

26   indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

27   (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

28   "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

JDDL-K

In this case, Plaintiff fails to allege facts to support that any Defendant was deliberately indifferent to a serious medical need. Plaintiff alleges only that an "employee" of Corizon, negligently, carelessly, or recklessly injected him with a contaminated needle and that he required follow-up preventative treatment, which caused pain, discomfort, emotional distress, and anxiety. Plaintiff does not allege that any named Defendant both knew of and disregarded an excessive risk to his health. In addition, as noted, negligence, carelessness, and even medical malpractice are insufficient to state a claim under § 1983. Accordingly, Plaintiff fails to state a claim for deliberate indifference to a serious medical need under § 1983, and those claims will be dismissed.

### B.    State Law Claims

As noted, it is unclear if Plaintiff is attempting to assert state law claims in his Complaint.[2] Nevertheless, because the Court is dismissing Plaintiff's federal claim in this Order, the Court will decline to exercise supplemental jurisdiction over any remaining state law claims and will dismiss them without prejudice. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro.*

---

[2] What appear to be possible state law claims are vague and conclusory. For example, Plaintiff alleges in paragraph II on page 2 that Defendant Corizon is vicariously liable "for the actions and inactions of its employees, including those John and Jane Doe employees named as defendants in this action, as to any claims that are asserted by Plaintiff as a result of violations of the Arizona Constitution and Arizona common law," but he fails to allege any facts against any employee named as a Defendant, including any John or Jane Doe employee, and he fails to connect a specific state law violation with a specific named Defendant. In addition, Plaintiff alleges in paragraph III on page 3 that "some of the Defendants may be liable . . . under the theory of respondeat superior, agency, vicarious liability, joint venture, negligent hiring, entrustment and/or supervision" without ever saying which individual Defendant is liable under any of those theories. In paragraph IV, Plaintiff alleges that "Defendants negligently, carelessly and recklessly treated, monitored, supervised and cared for Plaintiff as to cause the contaminated injection and physical and emotional injuries to Plaintiff," but again, Plaintiff has failed to allege which individual Defendant is liable under any of those theories.

*Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.[3]

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IT IS ORDERED:**

(1)     The Complaint (Doc. 1, Attach. 1, Ex. B) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

. . . .

. . . .

. . . .

---

[3] If Plaintiff files a first amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A(a) and, if appropriate, will notify the parties that an answer to the first amended complaint is required.

JDDL-K

- 10 -

1    (2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2 Court must, without further notice, enter a judgment of dismissal of this action with

3 prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

4    Dated this 3rd day of November, 2014.

_____
David G. Campbell
United States District Judge

JDDL-K