MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Mitchell, | No. CV 14-1754-PHX-DGC (BSB) |
| Plaintiff, | |
| v. | **ORDER** |
| Corizon Health, Inc., et al., | |
| Defendants. | |

On July 9, 2014, Plaintiff Kevin Mitchell, who is represented by counsel, filed a Complaint in the Maricopa County Superior Court. On August 5, 2014, Defendants Corizon Health, Inc. (Corizon) and the State of Arizona removed the action to this Court. On August 13, 2014, Defendants Corizon and State of Arizona filed an Answer to the Complaint. In a November 3, 2014 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On December 3, 2014, Plaintiff filed his First Amended Complaint (Doc. 7). The Court will dismiss Plaintiff's federal claim against Talboy, order Corizon to answer Plaintiff's federal claim against it, and order Corizon, the State, and Talboy to answer Plaintiff's state law claim.

. . . .

. . . .

## I.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

## II.   First Amended Complaint

In his two-count First Amended Complaint, Plaintiff sues Corizon, Registered Nurse Patricia Talboy, and the State. Plaintiff demands a jury trial and seeks monetary damages, pre- and post-judgment interest, and his attorneys' fees and costs.

. . . .

Plaintiff contends that the State has entered into contracts, first with one private health care provider and then with Corizon, to administer and provide health care to Arizona inmates. Plaintiff contends that the State and Corizon have been unwilling to appropriately staff Arizona prisons with sufficient and competent health care providers.

Plaintiff contends that the State's health care delivery system lacks an adequate tracking and management system to ensure that inmates with chronic conditions, such as Plaintiff, receive "competent and appropriate medication administrations." Plaintiff claims that the State is deliberately indifferent to inmates' health care needs because it has failed to hire, manage, supervise, control, maintain, operate and oversee health care at the prison where Plaintiff is confined. Plaintiff asserts that the State, to the detriment of inmates, has consciously and deliberately breached its duty of care by awarding health care contracts to the lowest bidder. Plaintiff contends that Corizon, to the detriment of inmates, has placed its own profits ahead of inmate safety by deliberately refusing to properly staff Arizona prisons and by hiring inexperienced nurses and other healthcare providers.

Plaintiff alleges that he is confined at the Arizona State Prison Complex-Lewis (ASPC-Lewis), suffers from Type 1 diabetes, and requires insulin injections. He claims that in August 2012, a nurse (who was employed by Corizon's predecessor) contaminated ASPC-Lewis's insulin supply and exposed Plaintiff and other inmates to life-threatening diseases such as hepatitis and the human immunodeficiency virus (HIV). He asserts that the State and Corizon were deliberately indifferent to the serious medical needs of inmates because they failed to take appropriate measure to ensure that future contamination would not occur.

Plaintiff alleges that on January 5, 2014, Defendant Talboy, who had less than six months' experience as a nurse, failed to follow proper, specific, well-established insulin delivery protocols and exposed Plaintiff and other inmates to bloodborne pathogens such as hepatitis and HIV. Plaintiff asserts that Talboy used a needle to stick each patient's finger to check their blood sugar levels, cleaned the needle with alcohol, and then used

the needle to draw insulin from a vial and administer insulin to the patient. Plaintiff states that this contaminated the insulin that remained in the vial and that Talboy repeated this process with five inmates. Plaintiff claims Corizon, with deliberate indifference to inmate healthcare, used the same contaminated insulin vials the following day, thereby contaminating more inmates. Plaintiff alleges that "Defendants" failed to inform Plaintiff of his exposure until January 7, 2014. At that point, Defendants provided Plaintiff with multiple preventative treatments and prescribed medications.

Plaintiff alleges that Talboy was deliberately indifferent when she chose to ignore specific, standard, and well-established nursing protocols. Plaintiff also alleges that the State and Corizon tasked Talboy with the responsibility of administering insulin without first ensuring that Talboy was properly trained to do so and that Corizon was deliberately indifferent because it placed profits over patient safety when it hired an inexperienced nurse and failed to properly train and supervise her.

Plaintiff contends that he has been needlessly exposed to potentially dangerous diseases, received potentially dangerous injections, was forced to undergo medical testing and treatment, and has suffered pain, discomfort, anxiety, and extreme emotional distress after being told he had been exposed to potentially deadly viruses.

In Count One, Plaintiff alleges a claim under 28 U.S.C. § 1983 against Corizon and Talboy. Plaintiff contends that both Defendants were deliberately indifferent to Plaintiff's needs and unnecessarily exposed Plaintiff to deadly diseases by giving him a contaminated injection. Plaintiff claims that Corizon had a policy of placing profits ahead of inmate needs, failed to properly staff the prison with competent healthcare providers, and hired new and inexperienced providers, such as Talboy, who could be paid less than more experienced and qualified nurses. Plaintiff also alleges that Corizon had a policy and custom of understaffing Arizona prisons to reduce costs and increase profits, at the expense of providing quality healthcare to inmates. Plaintiff contends that Corizon's decision and custom to improperly staff and train its nurses violated Plaintiff's Eighth and Fourteenth Amendment rights.

Plaintiff also asserts that Talboy's violation of specific, standard and well-established nursing protocols was more than neglect because "Nursing 101 establishes that dirty needles should never be placed into insulin that would then be subsequently used for other inmates/patients." Plaintiff contends that Talboy's actions exhibited a "complete and total disregard for inmate safety" and deliberate indifference to the serious medical needs of the inmates she treated.

In Count Two, Plaintiff alleges a state law "negligence and willful or wanton conduct" claim against the State, Corizon, and Talboy.

### III.   Failure to State a Claim – Count One against Defendant Talboy

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a

purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff's allegations do not support a claim that Talboy was acting with deliberate indifference when she contaminated the insulin vial and injected Plaintiff. Talboy may have been negligent, grossly negligent, or committed medical malpractice, but none of these rise to the level of deliberate indifference. Thus, the Court will dismiss Plaintiff's deliberate indifference claim against Talboy.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment deliberate indifference claim in Count One against Corizon. The Court will exercise its supplemental jurisdiction over the state law claim raised in Count Two. Thus, the Court will require Corizon to answer Count One and will require Corizon, the State, and Talboy to answer Count Two.

**IT IS ORDERED:**

(1)     Count One is **dismissed without prejudice as to Defendant Talboy**.

(2)     Defendant Corizon must answer Count One. Defendants Corizon, State of Arizona, and Talboy must answer Count Two.

(3) Plaintiff must serve Defendant Talboy or seek a waiver of service for Defendant Talboy.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant Talboy within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant Talboy. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(5) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(6) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(7) This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 28th day of January, 2015.

_____
David G. Campbell
United States District Judge